UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE LUMIFY | Civil Action No. 21-16766 (GC) (RLS) (CONSOLIDATED)<br><br>**SCHEDULING ORDER** |

**THIS MATTER** having been brought before the Court by way of a joint status letter and proposed case schedule; and the Court having reviewed the parties' proposed timing and scope of discovery; and for good cause shown;

**IT IS, THEREFORE**, on this **8th day** of **March 2023**,

**ORDERED** that:

1. Lupin Ltd. ("Lupin") shall serve its Invalidity Contentions and accompanying production, pursuant to L. Pat. R. 3.6(c)-(d), by no later than **March 10, 2023**;

2. Lupin shall serve its Non-Infringement Contentions and accompanying production, pursuant to L. Pat. R. 3.6(e)-(f), by no later than **March 10, 2023**;

3. Any motion to amend the pleadings or join new parties must be with leave of Court and in compliance with Fed. R. Civ. P. 15(a)(2) and L. Civ. R. 15.1 and shall be filed by no later than **February 24, 2023**;

4. Plaintiffs Bausch & Lomb, Inc., Bausch & Lomb Ireland Limited, and Eye Therapies, LLC (collectively, "Plaintiffs") shall serve their Disclosure of Asserted Claims and Infringement Contentions as to Lupin and accompanying production, pursuant to L. Pat. R. 3.6(g)-(h), by no later than **April 21, 2023**;

5. Plaintiffs shall serve their Response to Lupin's Invalidity Contentions, pursuant to L. Pat. R. 3.6(i), by no later than **April 21, 2023**;

6. The parties shall exchange their respective Proposed Terms for Construction, pursuant to L. Pat. R. 4.1(a), by no later than **April 24, 2023**; thereafter, the parties shall meet and confer, pursuant to L. Pat. R. 4.1(b);

7. The parties shall exchange Preliminary Claim Constructions and identification of evidence, pursuant to L. Pat. R. 4.2(a)-(b), by no later than **May 1, 2023**;

8. The parties shall exchange the identification of all intrinsic and extrinsic evidence for opposing proposed claim constructions, pursuant to L. Pat. R. 4.2(c), by no later than **May 8, 2023**; thereafter, the parties shall meet and confer, pursuant to L. Pat. R. 4.2(d);

9. The parties shall file their Joint Claim Construction and Prehearing Statement, pursuant to L. Pat. R. 4.3, by no later than **May 10, 2023**;

10. The parties shall complete Claim Construction Discovery, pursuant to L. Pat. R. 4.4, by no later than **May 12, 2023**;

11. The parties shall file their respective Opening Claim Construction Submissions, pursuant to L. Pat. R. 4.5(a), by no later than **May 26, 2023**;

12. The parties shall complete discovery related to Claim Construction, pursuant to L. Pat. R. 4.5(b), as to those experts who submitted a declaration with the Opening Claim Construction Submissions by no later than **June 9, 2023**;

13. The parties shall file their respective Responding Claim Construction Submissions, pursuant to L. Pat. R. 4.5(c), by no later than **June 23, 2023**;

14. The parties shall file their proposed schedule for a Claim Construction Hearing, pursuant to L. Pat. R. 4.6, by no later than **June 23, 2023**;

15. The Court will hold a Claim Construction Hearing **on a date to be later set by the Court**;

16. The deadline for the Disclosure of Reliance Upon Advice of Counsel, pursuant to L. Pat. R. 3.8, shall be by no later than **30 days after the entry of the Court's Claim Construction Order**;

17. Substantial completion of document production shall be made by no later than **June 23, 2023**;

18. Fact discovery shall be completed by no later than **July 17, 2023**;

19. A schedule for expert discovery will be set by the Court **at a later date**; and

20. The Court will schedule a Final Pretrial Conference **at a later date**; and it is further

**ORDERED** that a telephone status conference will be held before the undersigned on **June 14, 2023 at 11 a.m.** The Court shall provide dial-in information for the conference at a later date. **No later than three (3) business days prior to the telephone status conference, the parties shall submit a joint status letter to the Court via CM/ECF not to exceed three (3) pages, setting forth the status of discovery and identifying any issues ripe for discussion with the Court**; and it is further

**ORDERED** that counsel will confer in an attempt to resolve any discovery or case management disputes before making such dispute the subject of an application to the Court. Any such dispute shall be brought promptly to the Court's attention by joint letter in accordance with the undersigned's Civil Case Management Order. **No discovery motion or motion for leave to**

3

amend will be entertained absent leave of Court and counsels' full compliance with L. Civ. R. 37.1(a)(1); *see also* L. Civ. R. 16.1(f); and it is further

**ORDERED** that counsel are further directed to meet together by agreement, initiated by Defendants' counsel no later than four (4) weeks before the date of the final pretrial conference to:

- A. Discuss settlement;
- B. Stipulate to as many facts and issues as possible;
- C. Prepare a Final Pretrial Order in the form and content as required by the Court. Plaintiffs' counsel will prepare the Final Pretrial Order and will submit it to all other counsel for approval and execution. Counsel are responsible for the timely submission of the Final Pretrial Stipulation and Order;
- D. Examine all exhibits and documents proposed to be used at trial; and
- E. Complete all other matters which may expedite both the pretrial and trial of the case; and it is further

**ORDERED** that appropriate markers shall be affixed to the exhibits at or prior to the time they are shown to opposing counsel at the meeting of the counsel referred to above, and each marker will bear the number of the exhibit to which it is affixed; and it is further

**ORDERED** that at the final pretrial conference counsel should be prepared to discuss settlement of the case. **Persons with full settlement authority must attend the final pretrial conference,** unless prior permission has been granted to participate by telephone; and it is further

**ORDERED** that **there will be no extensions except for good cause shown and by leave of Court, even with consent of all parties**; and it is further

4

**ORDERED** that the Court may, from time to time, schedule conferences as may be required, either on its own or at the request of counsel; and it is further

**ORDERED** that failure to appear at subsequent conferences, or to comply with any of the terms of this Order, may result in sanctions; and it is further

**ORDERED** that, pursuant to Local Civil Rule 16.1(b)(2), this Order shall be deemed to incorporate an order pursuant to Federal Rule of Evidence 502(d); and it is further

**ORDERED** that the parties shall review Local Civil Rule 73.1(a) regarding Civil Trials by Consent Before United States Magistrate Judges; and it is further

**ORDERED** that the parties shall inform the Court of any related proceedings, which involve the patent(s)-in-suit, and status thereof, before the United States Patent and Trademark Office, the United States International Trade Commission, and/or other jurisdictions outside of the District of New Jersey; and it is further

**ORDERED** that the parties are advised that the Court has various audio/visual and evidence presentation equipment available for use at trial at no cost to the Bar. This equipment includes an evidence presentation system, which consists of a document camera and a projector. The projector may be used to display images which originate from a variety of sources, including television, VCR and personal computer. The document camera may be used to display documents, photographs, charts, transparencies, and small objects. For further information, please contact the Courtroom Deputy Mark Morelli at (609) 989-0502; and it is further

**ORDERED** that counsel are invited to use the George H. Barlow Attorney Conference Room located on the third floor of the Courthouse Annex. The room is equipped with telephones, laptop access/printer, copier, and fax.

**SO ORDERED.**

RUKHSANAH L. SINGH
UNITED STATES MAGISTRATE JUDGE